UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Marsha Y. C.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-CV-657 JD |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Marsha C. applied for social security benefits, claiming that she was unable to work. Her doctors gave differing opinions as to her functional capacity, and in finding Ms. C. able to work, the administrative law judge adopted the opinions of one doctor over the opinions of others. The ALJ failed to acknowledge, though, that even that one doctor's opinions were more restrictive than the limitations the ALJ adopted. In other words, despite purporting to give controlling weight to that doctor's opinions, the ALJ either ignored or failed to recognize parts of that doctor's opinions that would have required more restrictive limitations. That oversight requires remand.

## **I. FACTUAL BACKGROUND**

Ms. C. suffers from degenerative disc disease in her back, as well as coronary artery disease. She sought treatment from a spinal surgeon and pain management specialist to address her back conditions and the accompanying pain, and she underwent multiple fusion surgeries. She also sought treatment from a cardiologist. For a time, Ms. C. was able to work despite her

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name and last initial only.

limitations in a job that was mostly sedentary, but she had difficulty doing so. She eventually stopped working and applied for social security benefits, claiming that she was no longer able to work. An ALJ found that she had severe impairments, including degenerative disc disease of the cervical and lumbar spine and coronary artery disease. But the ALJ also found that she retained the ability to perform light work, subject to some postural and environmental limitations. Based on that finding as to Ms. C.'s residual functional capacity, the ALJ concluded that Ms. C. could no longer perform her old work but could perform other jobs. He thus found that she did not qualify as disabled. After the Appeals Council denied review, Ms. C. filed this action seeking judicial review of the Commissioner's decision.

## II. STANDARD OF REVIEW

Because the Appeals Council denied review, the Court evaluates the ALJ's decision as the final word of the Commissioner of Social Security. *Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). This Court will affirm the Commissioner's findings of fact and denial of benefits if they are supported by substantial evidence. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This evidence must be "more than a scintilla but may be less than a preponderance." *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). Even if "reasonable minds could differ" about the disability status of the claimant, the Court must affirm the Commissioner's decision as long as it is adequately supported. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

The ALJ has the duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Perales*, 402 U.S. at 399–400. In evaluating the ALJ's decision, the Court considers the entire administrative record but does not reweigh evidence, resolve conflicts, decide questions of credibility, or substitute the Court's

2

own judgment for that of the Commissioner. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). Nevertheless, the Court conducts a "critical review of the evidence" before affirming the Commissioner's decision. *Id.* An ALJ must evaluate both the evidence favoring the claimant as well as the evidence favoring the claim's rejection and may not ignore an entire line of evidence that is contrary to his or her findings. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The ALJ must provide a "logical bridge" between the evidence and the conclusions. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

### III. STANDARD FOR DISABILITY

Disability benefits are available only to those individuals who can establish disability under the terms of the Social Security Act. *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Specifically, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations create a five-step process to determine whether the claimant qualifies as disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The steps are to be used in the following order:

1. Whether the claimant is currently engaged in substantial gainful activity;
2. Whether the claimant has a medically severe impairment;
3. Whether the claimant's impairment meets or equals one listed in the regulations;
4. Whether the claimant can still perform relevant past work; and
5. Whether the claimant can perform other work in the community.

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).

At step two, an impairment is severe if it significantly limits a claimant's ability to do basic work activities. 20 C.F.R. § 404.1522(a). At step three, a claimant is deemed disabled if the

ALJ determines that the claimant's impairment or combination of impairments meets or equals an impairment listed in the regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If not, the ALJ must then assess the claimant's residual functional capacity, which is defined as the most a person can do despite any physical and mental limitations that may affect what can be done in a work setting. 20 C.F.R. § 404.1545. The ALJ uses the residual functional capacity to determine whether the claimant can perform his or her past work under step four and whether the claimant can perform other work in society at step five. 20 C.F.R. § 404.1520(e). A claimant qualifies as disabled if he or she cannot perform such work. The claimant has the initial burden of proof at steps one through four, while the burden shifts to the Commissioner at step five to show that there are a significant number of jobs in the national economy that the claimant can perform. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004).

## IV. DISCUSSION

Ms. C. raises multiple arguments in support of remand, but the Court need only address one: that despite purporting to give controlling weight to Dr. Dali's opinions as to her physical limitations, the ALJ failed to acknowledge aspects of Dr. Dali's opinions that were more restrictive than the residual functional capacity the ALJ adopted. This oversight requires remand, as adopting those limitations would result in a more restrictive residual functional capacity, which could affect the ALJ's conclusion at step five.

By way of background, the record contains opinions from three of Ms. C.'s treating physicians. Two of them—Dr. Filipowicz and Dr. Quadri—offered highly restrictive limitations, including that Ms. C. was unable to sit upright for six to eight hours and could not lift or carry more than five pounds. (R.931–32, 992–93). The third opinion was from Dr. Dali, a cardiologist. Dr. Dali opined that Ms. C. was limited in a number of respects, but not as severely as the other doctors believed. For example, Dr. Dali opined that Ms. C. could sit upright for six to eight hours

4

and that she could lift or carry up to twenty pounds. (R. 928–29). In determining Ms. C.'s residual functional capacity, the ALJ evaluated these competing opinions and decided to give "controlling weight" to Dr. Dali's opinions and only "little weight" to the others. (R. 18). The ALJ found on the basis of Dr. Dali's opinions that Ms. C. was "capable of performing light exertional work," including that she can "stand and/or walk 6 hours in an 8-hour workday." (R. 14, 18).

The ALJ failed to acknowledge, however, that Dr. Dali's opinions included limitations that were more restrictive than the residual functional capacity the ALJ adopted. Most notably, Dr. Dali opined that Ms. C. could only stand for four hours, that she had difficulty walking, and that she would need to lie down during the day. (R. 928). The ALJ did not adopt those limitations, but concluded that Ms. C. was able to stand or walk for six to eight hours each work day. (R. 14). The ALJ offered no explanation for rejecting Dr. Dali's opinions about her ability to stand and walk. In fact, the ALJ's decision did reflect any awareness that Dr. Dali even offered those more restrictive limitations. Instead, the decision gives the impression that the ALJ thought he was adopting Dr. Dali's opinions in their entirety.

It is of course true, as the Commissioner argues, that an ALJ is not required to adopt any expert's opinion in whole, but that is not the problem here. "An ALJ must offer good reasons for discounting a treating physician's opinion," *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted), and an ALJ "cannot rely only on the evidence that supports her opinion" while ignoring evidence to the contrary, *Bates v. Colvin*, 736 F.3d 1093, 1099 (7th Cir. 2013). Here, the ALJ did not offer good reasons for discounting these opinions; he did not purport to discount them at all, but gave them "controlling weight." Instead, the decision ignored

5

those aspects of Dr. Dali's opinions and only acknowledged the part of Dr. Dali's opinions that supported the ALJ's findings, which is improper.

The Court acknowledges that, after explaining the limitations he adopted based on Dr. Dali's opinions, the ALJ stated that "[n]o further limitations are warranted[.]" (R. 18). In context, though, that statement cannot reasonably be read as an explanation that the ALJ was choosing to reject parts of Dr. Dali's opinions. First, the ALJ's decision never acknowledged Dr. Dali's opinions that Ms. C. could stand only four hours a day, would have difficulty walking, and would need to lie down during the day. It would be difficult to find that the ALJ was rejecting limitations that the decision never even acknowledged. *See Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) ("[W]e cannot tell whether the ALJ considered and rejected this piece of evidence because she did not mention it."). Relatedly, the decision states that the ALJ gave "controlling weight" to Dr. Dali's opinion, which would be inconsistent with a decision to reject these important aspects of his opinion. (*See also* R. 19 (asserting that the residual functional capacity finding is supported by Dr. Dali's opinion)). Finally, immediately after this statement, the ALJ discussed the other experts' opinions, which reflected much more substantial limitations. In that context, it is clear that the ALJ was simply explaining that he intended to adopt Dr. Dali's opinions, and that no further limitations to account for the other doctors' opinions were warranted.

As just discussed, though, the ALJ did not in fact adopt Dr. Dali's opinions, and he did not explain why he chose to discount the ones he did not adopt, so the decision cannot stand. Dr. Dali's opinions that Ms. C. could stand only four hours a day, had difficulty walking, and would need to lie down, could support a residual functional capacity finding more restrictive than the one adopted by the ALJ. That, in turn, could affect the ALJ's step-five conclusion that a person

6

with Ms. C.'s limitations could perform other jobs, meaning the Commissioner has not yet met its burden at that step. The Court must therefore remand this case to the Commissioner for further consideration of Ms. C.'s claim.[2]

## V.  CONCLUSION

The Court REVERSES the Commissioner's decision and REMANDS this matter to the Commissioner for further proceedings consistent with this opinion. The Clerk is DIRECTED to prepare a judgment for the Court's approval.

SO ORDERED.

ENTERED:  September 16, 2019

                                            /s/ JON E. DEGUILIO
                                            Judge
                                            United States District Court

---

[2] The conclusion of Ms. C.'s opening brief asks for an outright award of benefits, but she waived that argument by not raising or developing it in the body of her brief. The record is not so one-sided as to compel the conclusion that Ms. C. is disabled, either, so the request would fail on its merits as well.